**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID WOLFSON LIVING TRUST UAD 4/2/90, by TRUSTEE DAVID WOLFSON,

Plaintiff,

v.

STOCKCROSS FINANCIAL SERVICES INC.; THOMAS B. COOPER, PETER L. BOORN,

Defendants.

Case No. CV 10-00342 DDP (AJWx)

**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

For the following reasons, the Court orders the respondents Stockcross Financial Services, Inc., Thomas S. Cooper, and Peter L. Boorn ("Respondents") to show cause why this case should not be remanded for lack of subject matter jurisdiction.

**I. BACKGROUND**

On December 23, 2009, the petitioner David Wolfson Living Trust ("Petitioner") filed suit in Los Angeles Superior Court to "confirm . . . an award in an arbitration conducted according to an agreement between the parties that is subject to the [California] Code of Civil Procedure section 1285 et seq." (Reif Decl. Ex. 9 at

p.1.) The underlying arbitration was held before the Financial Industry Regulatory Authority ("FINRA"), and involved causes of action for (1) breach of fiduciary duty; (2) common law fraud; (3) constructive fraud; (3) constructive fraud, Cal. Civ. Code § 1573; (4) elder abuse, Cal. Welfare & Inst. Code §§ 15600, et seq.; (5) negligence; (6) violations of federal and state securities laws; and (7) violations of the California Business and Professions Code.

On January 15, 2010, Respondents removed the petition to federal court, alleging that the Court has removal jurisdiction under 28 U.S.C. § 1441(b) based on the existence of a federal question. See also 28 U.S.C. § 1331. Respondents argued that subject matter jurisdiction under § 1331 exists because "Stockcross will oppose Petitioner's petition to confirm the arbitration award and will cross-move to vacate the award" on the grounds that "[t]he arbitrators manifestly disregarded federal law, as well as exceed[ed] the scope of their powers concerning securities fraud under the Securities and Exchange Act of 1934 . . . ." (Notice of Removal ¶ 3.)

On February 11, 2010, Respondents filed a cross-petition to vacate or modify the arbitration award as violative of the Federal Arbitration Act, 9 U.S.C. § 10 ("FAA"), on the grounds that (1) the panel miscalculated an award of damages under the California Civil Code, (2) the panel made erroneous factual findings in sanctioning Respondents for discovery abuses, and (3) the panel failed to maintain a complete, official recording of the arbitration pursuant to FINRA rules.

///

///

## II. SUBJECT MATTER JURISDICTION

Under 28 U.S.C. § 1441(b), a defendant may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (internal quotation marks and citation omitted). "Federal law cannot be predicated on an actual or anticipated defense . . . . Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim." Id. (citations omitted). Thus, "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal court cognizance." Id. at 1273.

In addition, it is well-established that the FAA does not confer federal subject matter jurisdiction; rather, there must be an independent jurisdictional basis. Carter v. Health Net of Cal., Inc., 374 F.3d 830, 833 (9th Cir. 2004). Nor does a petition to vacate or confirm an arbitration award arise under federal law merely because "the underlying arbitration involves a federal question." Luong v. Circuit City Stores, Inc., 368 F.3d 1109, 1111 (9th Cir. 2004) (internal citation omitted). Federal question jurisdiction will only lie where a petition to vacate an arbitration award under the FAA alleges "manifest disregard of federal law," which is "a logical extension of the well-pleaded complaint rule and a corollary to the idea that underlying federal

issues are insufficient . . . ." Carter, 374 F.3d at 836 (internal citation omitted). Thus, under the FAA, just as in any other case where federal question jurisdiction is invoked, "a federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition." Id. (quoting Luong, 368 F.3d at 1111).

**III. DISCUSSION**

In this case, the relevant "well-pleaded petition" is the petition to confirm an arbitration award, which Petitioner filed in state court pursuant to the California Code of Civil Procedure §§ 1285 et seq. Nothing on the face of the petition to confirm the arbitration award raises a federal question.

The Supreme Court has made clear that the long-standing rule that counterclaims and defenses cannot form the basis for federal question jurisdiction applies with equal force in the context of petitions filed pursuant to the FAA. Vaden, 129 S. Ct. at 1273. Thus, Respondents' attempt to invoke federal question jurisdiction based on the grounds on which "Stockcross will oppose Petitioner's petition" or raise in a cross-petition to vacate appears improvident. (Notice of Removal ¶ 3.)

Furthermore, even if the later-filed cross-petition to vacate the arbitration award were relevant to the jurisdictional analysis, it still fails to raise a federal question because it only appears to allege that the arbitrators (1) made erroneous factual findings, (2) miscalculated punitive or treble damages under the California Civil Code, or (3) failed to satisfy its contractual obligations to keep a record of the proceedings. None of these assertions satisfies Luong's requirement that the petition to vacate allege

that the arbitrators manifestly disregarded federal law. 368 F.3d at 1111.

**IV. CONCLUSION**

Accordingly, the Court orders Respondents to show cause why this case should not be remanded for lack of subject matter jurisdiction. The parties shall file cross-briefs, not to exceed ten (10) pages, by no later than Monday, March 29, 2010, at five o'clock p.m. The failure to file such a brief will be deemed consent to remand.

IT IS SO ORDERED.

Dated: March 16, 2010

DEAN D. PREGERSON
United States District Judge